```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
DIMAS CUADRADO,
                Plaintiff,

    -against-

JOHN DOE, CORRECTIONAL OFFICER,

                Defendant.
---------------------------------------X

**PRO SE**

08 Civ. 3026 (PAC)(THK)

**ORDER**

**THEODORE H. KATZ, United States Magistrate Judge.**

    This prisoner civil rights complaint was referred to this Court for a general pre-trial supervision and reports and recommendations on dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A),(B) and (C). Presently before the Court is Plaintiff's Application for Appointment of Counsel, pursuant to 28 U.S.C. § 1915(e)(1) ("Application"). For the reasons set forth below, the application is denied.

### Discussion

    Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. See Gardner v. New York, No. 04 Civ. 4675 (LTS)(DF), 2005 WL 696953, at *1 (S.D.N.Y. Mar. 24, 2005); Mackey v. DiCaprio, 312 F. Supp. 2d 580, 581 (S.D.N.Y. 2004). However, under 28 U.S.C. § 1915(e)(1), a court may appoint pro bono counsel to represent plaintiffs in civil cases. In this Circuit, "[d]istrict courts exercise substantial discretion in deciding whether to appoint counsel . .

1

COPIES MAILED
TO COUNSEL OF RECORD ON 4/29/08

. ." Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 203 (2d Cir. 2003). In deciding whether to appoint counsel, "the district judge should first determine whether the indigent [plaintiff]'s position seems likely to be of substance." Id. (citing Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)); see also Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994) ("[T]he threshold requirement in considering a request for appointment of counsel [is] the likelihood of success on the merits of the claim.") (citing Hodge, 802 F.2d at 60-61). If this threshold requirement is met, a court "should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125 (2d Cir. 1998) (citing Hodge, 802 F.2d at 61-62).

Applying these factors to the Complaint, the Court concludes that this action does not merit the appointment of counsel at this time. Plaintiff's Complaint indicates that, as of the date of filing, his administrative remedies were unexhausted. Therefore, the claims have little likelihood of success before the administrative process is complete. Furthermore, Plaintiff,

in his Complaint, indicates that the event he complains of was recorded by video camera, and his injuries were treated and photographed. Therefore, other than witness depositions, the discovery in this case will likely be straight-forward and uncomplicated. Accordingly, Plaintiff's Application is denied without prejudice to renew at a later stage in the litigation, should the case proceed to trial.

**The Court notes that Plaintiff has named a defendant on his application. Plaintiff should provide that information to the Marshal's Service so that it may properly effect service of the Summons and Complaint. If new forms are needed for service, a request should be made to the court's Pro Se Office.**

SO ORDERED.

_____
Theodore H. Katz
United States Magistrate Judge

Dated: April 29, 2008
       New York, New York

Copies mailed this date to:

Dimas Cuadrado,
Inmate #: 241-07-06214
AMKC
18-18 Hazen St.
East Elmhurst, NY 11370