


THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

KATHERINE E. SMITH
Phone: (212) 513-0462
Fax: (212) 788-9776
ksmith@law.nyc.gov

**MEMO ENDORSED**

August 25, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/08

**BY HAND DELIVERY**
Honorable Theodore H. Katz
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:  Dimas Cuadrado v. The Department of Correction, et. al.,
           08 Civ. 3026 (PAC) (THK)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendant New York City Department of Correction. I write further to this office's June 24, 2008 letter to the Court in which we requested that defendants New York City Department of Correction and Officer Serrano's time to answer or otherwise respond to the complaint be enlargement until August 25, 2008. This office initially requested an enlargement of time to afford us the opportunity to investigate the allegations in the complaint, resolve representation issues, investigate service on the individuals identified as defendants in the caption of the complaint, and if appropriate, to answer or otherwise respond to the complaint. On June 25, 2008 the Court granted this office's request.

        This office only recently determined that pursuant to General Municipal Law Section 50-k, we can not represent the only individually-named defendant in this action, Correction Officer Serrano. As such, while we do not presently represent Officer Serrano, this office respectfully requests that the Court, *sua sponte*, grant him a further enlargement of time, until September 25, 2008, to secure legal representation and interpose a response to the complaint, if appropriate.

        Moreover, in addition to Correction Officer Serrano, plaintiff named the New York City Department of Correction as a defendant. However, it is well settled law that the New

COPIES MAILED
TO COUNSEL OF RECORD ON 8/27/08

York City Department of Correction is not a suable entity. Campbell v. Dep't of Correction, 95 Civ. 3242, 1996 U.S. Dist. LEXIS 2021, at *2 (S.D.N.Y Feb. 26, 1996) (DOC not a suable entity); Jolly v. N.Y.C. Dep't of Correction, 89 Civ. 4520, 1989 U.S. Dist. LEXIS 14852 (S.D.N.Y. Dec. 13, 1989) (DOC not a suable entity). Therefore, this office will not interpose an answer on behalf of the New York City Department of Correction.

Accordingly, this office respectfully requests that Officer Serrano's time to answer or otherwise respond to the complaint be enlarged thirty (30) days August 25, 2008 to and including September 25, 2008. In addition, as there is presently no proper party to this action whom this office might represent, this office will take no further action in this matter unless instructed otherwise by the Court.

I thank Your Honor for considering the within request.

Respectfully submitted,

Katherine E. Smith
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Dimas Cuadrado (241-07-06215
*Pro Se* Plaintiff
AMKC
18-18 Hazen St.
East Elmhurst, New York 11370
(By First Class Mail)

**MEMO ENDORSED**

Defendant Serrano's response to the Complaint shall be filed by September 25, 2008.

Plaintiff is hereby advised that Defendant Department of Correction is not a suable entity. Accordingly, unless Plaintiff submits legal authority to the contrary, by September 15, 2008, the Department of Correction will be dismissed as a Defendant. **SO ORDERED**

8/27/08

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

2